UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

ROBERT E. MILES and LESLIE A.
MILES,

      Plaintiffs,

      v.

MBNA AMERICAN BANK, N.A.,
DOES 1-4 INCLUSIVE,

      Defendants.

NO.  CV-04-336-RHW

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DENYING PLAINTIFFS' MOTION TO ENLARGE TIME TO VACATE THE ARBITRATION AWARD IN STATE COURT**

    Before the Court are Plaintiffs' Motion to Enlarge Time to Vacate the Arbitration Award in State Court (Ct. Rec. 20) and Defendant MBNA American Bank, N.A.'s Motion to Dismiss (Ct. Rec. 24).  The motions were heard without oral argument.

## BACKGROUND

    On September 15, 2004, Plaintiffs filed a motion asking the Court to enter an order vacating an arbitration award (Ct. Rec. 1).  This motion was filed before Plaintiffs had filed a complaint.  On September 22, 2004, the Court directed Plaintiffs to comply with the Federal Rules of Civil Procedure by filing an amended complaint (Ct. Rec. 6).  Plaintiffs complied and filed an Amended Complaint on October 14, 2004.  On January 28, 2005, Plaintiffs filed a Motion to Enlarge Time to Vacate the Arbitration Award in State Court (Ct. Rec. 20).  A telephonic scheduling hearing was held on February 11, 2005.  At the hearing, Plaintiffs' pending motion was discussed.  The Court directed Defendant MBNA to file a Motion to Dismiss in order to allow the Court to address whether it had federal subject matter jurisdiction to hear this case.  On February 16, 2005,

1  Defendant filed its Motion to Dismiss (Ct. Rec. 24).

2  DISCUSSION

3  **I.    Defendant's Motion to Dismiss**

4      Defendant argues that the allegations in Plaintiffs' complaint are insufficient, on

5  their face, to establish subject matter jurisdiction.  Plaintiffs are proceeding *pro se*;

6  therefore, the Court will liberally construe all of their claims for relief.  *Ortez v.*

7  *Washington County*, 88 F.3d 804, 807 (9th Cir. 1996).

8      **A.    Standard of Review**

9      In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(1) in which the

10  moving party is asserting a facial attack, the Court must accept as true the allegations of

11  the complaint.  *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).

12      Federal courts are courts of limited jurisdiction.  *Mendoza v. Zirkle Fruit Co.*, 301

13  F.3d 1163, 1174 (9th Cir. 2002).  As such, federal courts are empowered to hear only

14  those cases that are within the judicial power of the United States, as defined by the

15  United States Constitution, and those cases that have been authorized by Congress.

16  *Estate of Frank Branson v. Commissioner of Internal Revenue*, 264 F.3d 904, 908 (9th

17  Cir. 2001).  Because of these limits, the party initiating the suit in federal court must

18  affirmatively allege facts in the complaint to show that the federal court has jurisdiction

19  to hear the case.  *Fifty Assocs. v. Prudential Ins. Co.*, 446 F.2d 1187, 1189 (9th Cir. 1970).

20  The presumption is that a federal court does <u>not</u> have jurisdiction in a particular case

21  unless it is affirmatively demonstrated in the complaint.  *Id.* at 1190.

22      Under the well-pleaded complaint rule, a complaint for relief properly invokes

23  federal jurisdiction where its well-pleaded allegations raise a substantial issue of federal

24  law.  *Yokeno v. Mafnas*, 973 F.2d 803, 807 (9th Cir. 1992).  A suit may be dismissed for

25  lack of subject matter jurisdiction where the alleged claim under the federal statute

26  clearly appears to be immaterial and made solely for the purpose of obtaining

27  jurisdiction, or where the claim is wholly insubstantial and frivolous.  *Bell v. Hood*, 327

28

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DENYING PLAINTIFFS' MOTION TO ENLARGE TIME TO VACATE THE ARBITRATION AWARD IN STATE COURT** ~ 2

U.S. 678, 682-83 (1946); *Broek v. Writers Guild of America, West, Inc.*, 762 F.2d 1349, 1352 n.3 (9ᵗʰ Cir. 1985). Simply raising a federal issue in a complaint will not automatically confer federal question jurisdiction. Rather, the court must ask "whether the cause of action alleged is so patently without merit as to justify. . . the court's dismissal for want of jurisdiction." *Duke Power Co. v. Carolina Env. Study Group*, 438 U.S. 59, 70 (1978).

### B. Plaintiffs' Claims

#### 1.    Claim to Vacate Arbitration Award

Case law is fairly clear. A plaintiff seeking to confirm or vacate an arbitration award in federal court must establish an independent basis for federal jurisdiction. *Moses H. Cone Mem'l Hosp. v. Mercury Constr.*, 460 U.S. 1, 26 n.32 (1983); *Carter v. Health Net of Calif., Inc.*, 374 F.3d 830, 833 (9ᵗʰ Cir. 2004). Thus, Plaintiffs' claim to vacate the arbitration award does not provide the Court with federal subject matter jurisdiction.

The Ninth Circuit has recognized that "'federal jurisdiction may still lie if the ultimate disposition of the matter depends on resolution of a substantial question of federal law,' such as when the petition primarily asserts as grounds for vacatur the arbitrator's manifest disregard of federal law." *Carter*, 374 F.3d at 836 (quoting *Greenberg v. Bear, Stearns & Co.*, 220 F.3d 22, 26 (2d Cir. 2000). Plaintiffs appear to be alleging that the arbitration award was rendered in manifest disregard of federal law, namely, in violation of their federal due process rights. As discussed below, however, these claims do not provide an independent basis for federal subject matter jurisdiction.

#### 2.    Due Process Claim

Plaintiffs assert that Defendant violated their due process rights guaranteed by both the Fifth and the Fourteenth Amendments of the United States Constitution. The Due Process Clause of the Fifth Amendment provides that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. Const. amend V.   The Fourteenth Amendment provides that "[n]o State shall . . . deprive any person of life,

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DENYING PLAINTIFFS' MOTION TO ENLARGE TIME TO VACATE THE ARBITRATION AWARD IN STATE COURT ~ 3**

1   liberty, or property, without due process of law." U.S. Const. amend. XIV. The Due

2   Process Clause does not apply to private actors, except in exceptional circumstances. *See*

3   *Rank v. Nimmo*, 677 F.2d 692, 701 (9th Cir.1982) ("The Due Process Clause of the Fifth

4   Amendment applies to actions of the federal government and not to individual activities

5   of private actors[, unless] . . . the action of the latter may be fairly treated as that of the

6   [government] itself."); *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 349 (1974) (holding

7   that private conduct is not subject to the requirements of the Fourteenth Amendment, no

8   matter how discriminatory or wrongful).

9          It is not clear from Plaintiffs' complaint who, in fact, violated their due process

10  rights. Assuming it is either Defendants, or the arbitrator, neither are government actors,

11  and, therefore, Plaintiffs' due process claims cannot be sustained, and cannot be the basis

12  for federal subject matter jurisdiction.

13                    **3. Consumer Credit Protection Act**

14         In their complaint, Plaintiffs assert that Defendant has violated several provisions

15  of the Consumer Credit Protection Act and, as such, jurisdiction is proper under 15

16  U.S.C. § 1640. Section 1640 states that any creditor who fails to comply with the

17  Consumer Credit Protection Act is liable for civil damages. It is not clear from reading

18  Plaintiffs' complaint which sections of the Consumer Credit Protection Act Defendant is

19  alleged to have violated.

20         "To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain

21  either direct or inferential allegations respecting all the material elements to sustain a

22  recovery under some viable legal theory . . . [M]ore than bare assertions of legal

23  conclusions is ordinarily required to satisfy federal notice pleading requirements."

24  *Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th

25   Cir.1999). Here, Plaintiffs' complaint contains only the summary conclusion that

26  Defendant's actions violated the Consumer Credit Protection Act. The Consumer Credit

27  Protection Act, 15 U.S.C. §§ 1601-1693r, encompasses many other Acts, including the

28

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DENYING
PLAINTIFFS' MOTION TO ENLARGE TIME TO VACATE THE
ARBITRATION AWARD IN STATE COURT ~ 4**

1    Truth-in-Lending Act, the Equal Credit Opportunity Act, the Fair Debt Collection

2    Practices Act, and the Fair Credit Report Act.  Plaintiffs make no attempt in their

3    complaint or in their briefs to present any facts concerning the elements required to prove

4    violation of any of the aforementioned federal statutes.

5    **II.    Plaintiffs' Motion to Enlarge Time to Vacate the Arbitration**

6    **Award in a State Court**

7            Plaintiffs ask that this Court enter an order granting permission for this case to be

8    submitted to the proper state court and granting an extension of 30 days to file a petition

9    for the purpose of vacating the arbitration award.  Because the Court is granting

10   Defendant's Motion to Dismiss, it is not necessary for the Court to grant leave for

11   Plaintiffs to voluntarily dismiss their complaint so they can file an action in state court.

12   This Court does not have authority to grant Plaintiffs' request for an enlargement of time

13   to file a state petition.

14           Accordingly, **IT IS HEREBY ORDERED**:

15           1.    Plaintiff's Motion to Enlarge Time to Vacate the Arbitration Award in State

16   Court (Ct. Rec. 20) is **DENIED**.

17           2.    Defendant's Motion to Dismiss (Ct. Rec. 24) is **GRANTED**.

18           3.    The above-captioned cause of action is **DISMISSED**, **without prejudice**.

19           **IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter

20   this order and furnish a copies to Plaintiffs and counsel.

21           **DATED** this 23rd day of May, 2005.

22

23

24                            s/ ROBERT H. WHALEY
                          United States District Judge
25

26

27   Q:\CIVIL\2004\Miles\dismiss.ord.wpd

28

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DENYING
PLAINTIFFS' MOTION TO ENLARGE TIME TO VACATE THE
ARBITRATION AWARD IN STATE COURT ~ 5**